

FILED IN CLERK'S OFFICE

**ORIGINAL**

JAN 10 2003

_____ Clerk
By: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STELLAR X PRODUCTIONS,<br>a California general partnership<br>n/k/a Rosalind Zeisler<br>d/b/a Stellar X Productions,<br><br>       Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>a New York corporation,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 1:02-CV-2742 (JOF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MEMORANDUM OF LAW IN
## RESPONSE AND OPPOSITION TO
## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This Memorandum of Law is submitted by Plaintiff Stellar X Productions

("Stellar X") in response and opposition to the Motion for Protective Order filed by

Defendant International Business Machines Corporation ("IBM"), in which IBM

seeks relief from the obligations of the Federal Rules of Civil Procedure and the

Local Rules of this Court requiring the parties to exchange initial disclosures,

participate in an early planning conference, and prepare and file a joint preliminary



report and discovery schedule, until after such time as the Court has ruled on

IBM's Motion to Dismiss or Transfer for Improper Venue.

Stellar X opposes IBM's Motion for Protective Order on two grounds. First,

the Federal Rules of Civil Procedure and the Local Rules of this Court require that

the parties engage in the procedures that IBM now seeks to avoid, and IBM has

articulated no justification for its refusal to participate in these preliminary

procedures. Second, Stellar X has complied with the applicable rules by preparing

and filing its proposed Preliminary Report and Discovery Plan and by serving IBM

with its initial disclosures. Stellar X is now being prejudiced by IBM's unilateral

refusal to participate in the procedures, since IBM now is enjoying the benefit of

Stellar X's compliance with the rules while Stellar X enjoys no commensurate

benefit.

## I.     Introduction

While IBM professes to be confounded by Stellar X's decision to file its

action against IBM in this District, see IBM Corporation's Brief in Support of Its

Motion for Protective Order ("IBM's Brief") at 1, the basis for Stellar X's doing so

is set forth in detail in Stellar X's Response to IBM's Motion to Dismiss or

Transfer for Improper Venue. Specifically, the parties are not bound by the forum

selection clause contained in the Services Agreement referenced by IBM, which clause designates New York as the forum for dispute resolution, because the services for which Stellar X seeks compensation in this litigation were not provided pursuant to the Services Agreement. There can be no dispute on this issue, since the Services Agreement called for services to be provided pursuant to Statements of Work issued by IBM, but no such Statements of Work were issued for the work for which Stellar X now seeks compensation. See Declaration of Rosalind Zeisler at ¶ 20. Accordingly, the forum selection clause is inapplicable to the claims asserted in this case. This Court has subject matter jurisdiction over the case and personal jurisdiction over IBM, and a substantial part of the events giving rise to Stellar X's claim occurred in this District so as to render venue proper in this forum. As such, Stellar X is well within its rights in bringing this case in this District.

II. **IBM has presented no justification, in law or fact, for refusing to participate in the pretrial procedures mandated by the Federal Rules of Civil Procedure and the Local Rules of this Court.**

IBM takes the position that it should not be required to fulfill its procedural obligations to serve initial disclosures (Fed. R. Civ. P. 26(a)(1)), participate in an early planning conference (Fed. R. Civ. P. 26(f) and L.R. 16.1), and prepare a joint

preliminary report and discovery schedule (Fed. R. Civ. P. 26(f) and L.R. 16.2), in

view of the pendency of its Motion to Dismiss or Transfer for Improper Venue.

But even while IBM's motion to dismiss or transfer remains pending, there is no

reason for the parties not to comply with the procedural requirements of the

Federal Rules and this Court's Local Rules.

Indeed, the Local Rules of this Court specifically contemplate that the

parties will prepare a preliminary report and discovery schedule notwithstanding

the pendency of a motion to dismiss. See L.R. 16.2 ("The completed form must be

filed within thirty (30) days after the appearance of the first defendant by answer or

motion . . . .")(emphasis added). This rule dovetails with the Federal and Local

Rules providing for the early planning conference, see, e.g., L.R. 16.1 (parties to

discuss at the conference "other matters also addressed in the preliminary report

and discovery schedule"). The early planning conference, in turn, intertwines with

the rule requiring the exchange of initial disclosures, see, e.g., Fed. R. Civ. P.

26(a)(1) (initial disclosures "must be made at or within 14 days after the Rule 26(f)

conference . . . "). In other words, when read together, the Federal and Local Rules

contemplate timely completion of all of the procedural exercises that IBM now

seeks to put off--namely, the preliminary report and discovery schedule, the early

4

planning conference, and the initial disclosures--<u>notwithstanding</u> the pendency of a motion to dismiss.[1]

The only rationale put forward by IBM for delaying these procedures is that, if the motion to dismiss or transfer is granted, then the time spent by the parties in preparing a preliminary report and discovery schedule, or holding an early planning conference, or preparing and exchanging initial disclosures, will have been wasted. <u>See</u> IBM's Brief at 4 ("Granting IBM's motion for a protective order will spare the parties the cost of conducting unnecessary meetings and submitting unnecessary reports and pleadings, without delaying the case if IBM's motion to transfer is denied."). This argument simply does not hold water. Even if IBM's Motion to Dismiss or Transfer for Improper Venue were granted, and the case refiled in or transferred to the Southern District of New York (where IBM has conceded venue would be proper), the parties still would be required to prepare the

---

[1] Indeed, on January 3, 2003, this Court entered a Scheduling Order adopting the Preliminary Report and Scheduling Plan submitted unilaterally by Stellar X upon IBM's refusal to participate in preparation of a joint preliminary report and discovery schedule. The Scheduling Order states that the time for completing discovery shall be as stated in Plaintiff's Preliminary Report and Scheduling Plan, which incorporates the Court's form language that "[t]he parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26." <u>See</u> Plaintiff's Preliminary Report and Discovery Plan, ¶ 8. Accordingly, IBM is now in violation of an Order of this Court requiring the parties to proceed with serving their initial disclosures.

5

same preliminary report and discovery schedule, convene the same early planning conference, and exchange the same initial disclosures as in this District, since each procedure is established in the first instance by the Federal Rules of Civil Procedure, which govern practice in both Districts. Indeed, a review of the Web site for the United States District Court, Southern District of New York, indicates that the Southern District does not have any specific local rules governing these procedures, or maintain any forms for use in preparing either the preliminary report and discovery schedule or the initial disclosures. In other words, even if this case were dismissed or transferred, the parties could literally just change the case caption and utilize the same documents in satisfying the local rules of the Southern District of New York. There simply is no waste incurred in having the parties move forward with procedural requirements even during the pendency of IBM's motion to dismiss or transfer.

IBM relies on the Consent Order Extending Time entered by this Court in the case of Powertel, Inc. v. Peppler, Civil Action File No. 1:01-CV-2377-JOF, to demonstrate this Court's "approval" of the approach urged by IBM in this case. But the obvious difference between Powertel and the instant case is that, in Powertel, the parties agreed to put off the early planning conference and preparation of the preliminary report and discovery schedule. In the present case,

Stellar X simply has no desire to agree to such a postponement because Stellar X seeks to move this case to trial as expeditiously as possible.

IBM also relies on the case of <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353 (11th Cir. 1997), for the proposition that unnecessary costs to litigants can be avoided if the parties refrain from conducting discovery until such time as the court has ruled on a pending motion to dismiss for failure to state a claim. The difference, of course, between <u>Chudasama</u> and the instant case is that, unlike the Rule 12(b)(6) motion at issue in <u>Chudasama</u>, the Motion to Dismiss or Transfer for Improper Venue filed by IBM is not a substantively dispositive motion. Even if IBM's motion were granted, the case, and the same claims, could and would be brought in another federal district governed by the same Federal Rules of Civil Procedure. Thus, there is no cost savings associated with postponing procedures required under the Federal Rules until after the disposition of IBM's motion to dismiss or transfer. Indeed, it has been recognized that where a court <u>does</u> decide to stay Rule 26(a)(1) disclosures, it is because the defendant has made "a strong showing that the plaintiff's claim is unmeritorious." <u>See generally</u> <u>Flores v. Southern Peru Copper Corp.</u>, 203 F.R.D. 92, 94 (S.D.N.Y. 2001). Even if IBM's motion to dismiss or transfer for improper venue is granted, it will not be because

Stellar X's claims are "unmeritorious"; it will simply be because this Court has decided that the claims must be heard in a different forum.

### III.   Stellar X is being prejudiced by IBM's refusal to participate in pretrial procedures.

By unilaterally defying the Federal Rules of Civil Procedure and the Local Rules of Court, IBM is causing prejudice to Stellar X.  Specifically, on December 20, 2002, Stellar X served IBM with its initial disclosures and its Preliminary Report and Discovery Plan, as required by the applicable rules.  IBM now has the opportunity to use these materials in getting a head start on drafting discovery and conducting its investigation into the facts and allegations of this case.  In contrast, Stellar X has not received initial disclosures from IBM, and has not received IBM's portion of the preliminary report and discovery schedule.  Accordingly, Stellar X does not have the same advantage in using such materials to plan strategy, prepare for discovery, and further its ongoing investigation.  Since Stellar X has made its disclosures, as required by the rules, IBM should be made to do the same.

Similarly, requiring IBM to comply with pretrial procedures will promote judicial efficiency, since, if IBM's motion to dismiss or transfer is denied, both

parties will be in a position to initiate discovery immediately upon commencement of the discovery period.

## IV.   Conclusion

Because IBM has failed to show why it should be exempted from the pretrial procedures mandated by the Federal Rules of Civil Procedure and the Local Rules of this Court, and because Stellar X is being prejudiced by IBM's refusal to participate in pretrial procedures, Stellar X respectfully requests that IBM's Motion for Protective Order be denied.

                                    Respectfully submitted,


SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II             Dana M. Richens
1230 Peachtree Street, N.E.          Georgia Bar No. 604429
Atlanta, Georgia  30309-3592         Elizabeth L. Branch
Phone: (404) 815-3500                Georgia Bar No. 076030
Fax:  (404) 815-3659                 Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| STELLAR X PRODUCTIONS,<br>a California general partnership<br>n/k/a Rosalind Zeisler<br>d/b/a Stellar X Productions,<br><br>        Plaintiff,<br><br>        v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>a New York corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 1:02-CV-2742 (JOF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I have this day served a copy of the within **PLAINTIFF'S**

**MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION TO**

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER** by depositing a copy

of same in the United States mail, with adequate postage thereon addressed as

follows:

David M. Monde
Brett J. Berlin
Jones, Day, Reavis & Pogue
3500 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia  30308-3242

The undersigned also certifies that this pleading has been prepared in Times New Roman, 14 point.

This ___ day of January, 2003.

Elizabeth L. Branch
Georgia Bar No. 076030